FILED
United States Court of Appeals
Tenth Circuit

June 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID TUCKER,

    Plaintiff - Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, d/b/a GEICO
Indemnity Company, d/b/a GEICO, a
corporation,

    Defendant - Appellee.

No. 14-1192
(D.C. No. 1:13-CV-01049-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **MORITZ**, Circuit Judges.
_____

David Tucker sued GEICO Indemnity Company (GEICO) for breach of

contract and related claims after GEICO denied Tucker's claim for underinsured

motorist (UIM) benefits. In relevant part, GEICO responded that Tucker's insurance

policy didn't include UIM coverage because Tucker's co-insured, acting as his agent,

rejected that coverage on Tucker's behalf. The district court agreed. Accordingly, it

granted GEICO's motion for summary judgment and dismissed the case.

_____

[*] This order and judgment isn't binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. But it may be cited for its
persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Citing Colo. Rev. Stat. Ann. § 10-4-609(1)(a), Tucker argues on appeal that Colorado law precludes an insurance company from relying on an agent's rejection of UIM coverage on behalf of a named insured when that agent acts only with apparent authority. But the Colorado Supreme Court recently rejected this legal argument. And Tucker doesn't challenge the district court's determination that the undisputed facts show Tucker's co-insured acted with apparent authority in rejecting UIM coverage on his behalf. Thus, we affirm.

**I**

In 2004, Bernadette Marquez obtained an automobile insurance policy from GEICO that listed both Marquez and Tucker as named insureds. At the time, Tucker and Marquez had lived together for over 20 years but weren't married. It is undisputed that Marquez acted as the primary point of contact with GEICO in obtaining and managing the couple's policy. The original policy provided UIM coverage. But in 2005 and 2009, Marquez completed option forms on which she requested that the couple's policy exclude UIM coverage.

In 2011, Tucker was involved in an accident with an underinsured driver. Tucker submitted a claim for UIM benefits under the couple's policy. GEICO denied the claim, asserting that Marquez rejected UIM coverage on Tucker's behalf.

Tucker sued GEICO, alleging that its failure to pay his UIM claim constituted breach of contract, outrageous conduct, bad faith, and deceptive practices. Tucker moved for summary judgment on all his claims, asserting that GEICO couldn't rely on Marquez' rejection of UIM coverage because Colo. Rev. Stat. Ann. § 10-4-

2

609(1)(a) requires that insurance policies include UIM coverage unless each named insured rejects that coverage in writing. *See* Colo. Rev. Stat. Ann. § 10-4-609(1)(a) (requiring an automobile liability insurance policy to include coverage for "damages from owners or operators of uninsured motor vehicles . . . *except that the named insured may reject such coverage in writing*" (emphasis added)). Because Tucker was a named insured on the couple's policy and he never rejected UIM coverage in writing, Tucker argued the policy necessarily included UIM coverage.

GEICO also moved for summary judgment, arguing it wasn't obligated to pay Tucker's claim because Marquez, as a co-insured, effectively rejected UIM coverage for both Tucker and herself. GEICO asserted that Colo. Rev. Stat. Ann. § 10-4-609(1)(a)'s reference to "the named insured" allows one named insured to reject coverage for any other named insureds under the same policy. Alternatively, GEICO asserted that Marquez, as Tucker's agent acting with either actual or apparent authority, effectively rejected UIM coverage on Tucker's behalf.

The district court declined to address GEICO's first argument. Instead, it agreed with GEICO's alternative argument that Colo. Rev. Stat. Ann. § 10-4-609(1)(a) allows a named insured's agent to effectively reject UIM coverage on behalf of the named insured under common-law agency principles. And the district court concluded that because the undisputed facts demonstrated that Marquez acted as the primary point of contact between the couple and GEICO, she possessed apparent authority to reject UIM coverage on Tucker's behalf. Based on these

3

conclusions, the district court granted GEICO's summary judgment motion, denied Tucker's cross-motion, and dismissed the case. Tucker appeals.

## II

We review a grant of summary judgment de novo, applying the same legal standards as the district court. *Fid. Nat'l Title Ins. Co. v. Woody Creek Ventures, LLC*, 830 F.3d 1209, 1211 (10th Cir. 2016). "Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 1211-12 (quoting Fed. R. Civ. P. 56(a)).

Colorado law governs the substantive legal issues in this diversity action. *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1200 (10th Cir. 2012). And Colorado law has evolved throughout the pendency of this appeal.

In his opening brief, Tucker advanced a single argument: Colo. Rev. Stat. Ann. § 10-4-609(1)(a) leaves no room for application of common-law agency principles because it requires each named insured to expressly reject UIM coverage. Noting the absence of any Colorado case law directly on point, Tucker's opening brief asked us to reverse the district court's summary judgment order and "hold that [Colo. Rev. Stat. Ann. § 10-4-609(1)(a)] does not provide that any named insured can reject coverage as for all other named insured[s], whether . . . in writing or by some implied agency." Aplt. Br. 23.

Shortly after Tucker filed his opening brief, the Colorado Court of Appeals issued a decision that largely supported Tucker's position. Specifically, in resolving a

4

case arising from facts similar to those present here, the court first determined that both the plain language and the legislative history of Colo. Rev. Stat. Ann. § 10-4-609(1)(a) indicate that each named insured on a policy must expressly reject UIM coverage on his or her own behalf in order to waive such coverage. *Johnson v. State Farm Mut. Auto. Ins. Co.* (*Johnson I*), No. 13CA0752, 2014 WL 5033217, *4-8 (Colo. App. Oct. 9, 2014), *rev'd sub nom. State Farm Mut. Auto Ins. Co. v. Johnson* (*Johnson II*), No. 14SC890, 2017 WL 2417764, *1 (Colo. June 5, 2017). Next, the court considered whether "common law agency principles" apply in the context of rejecting UIM coverage under Colo. Rev. Stat. Ann. § 10-4-609(1)(a). *Id.* at *9-11. The court ultimately concluded that "one named insured acting as an agent can waive UM/UIM coverage for another named insured *only* with express actual authority to do so." *Id.* at *10 (emphasis added); *see id.* at *9 (discussing agency principles and distinguishing between apparent authority, express actual authority, and implied actual authority).

In their respective response and reply briefs, filed after the Colorado Court of Appeals issued *Johnson I*, GEICO and Tucker offered opposing views on *Johnson I*'s impact. And during oral argument, we questioned both parties on the ramifications of *Johnson I* and the petition for certiorari in *Johnson I* that was then pending before the Colorado Supreme Court.

Then, shortly after we heard oral argument, the Colorado Supreme Court granted certiorari in *Johnson I* to decide two questions. *State Farm Mut. Auto. Ins. Co. v. Johnson*, No. 14SC890, 2015 WL 4999287, *1 (Colo. Aug. 24, 2015)

5

(unpublished). We sua sponte abated this appeal pending a decision from the Colorado Supreme Court, noting that the court's decision "might bear upon [our] resolution of the related issues in this appeal." Order, dated Aug. 25, 2015.

On June 5, 2017, the Colorado Supreme Court issued its decision.[1] The court reversed *Johnson I*'s holding that express actual authority is the only common-law agency principle that applies in the context of rejecting UIM coverage under Colo. Rev. Stat. Ann. § 10-4-609(1)(a).[2] *Johnson II*, 2017 WL 2417764 at *1. Specifically, the court reasoned that the common law controls in Colorado "until repealed by legislative authority." *Id.* at *4 (quoting Colo. Rev. Stat. Ann. § 2-4-211). And it held that "nothing in the language of [Colo. Rev. Stat. Ann. § 10-4-609(1)(a)] precludes an agent from exercising either apparent or implied authority to reject UM/UIM coverage on behalf of a principal." *Id.* at *1; *see id.* at *4 ("Nowhere does [Colo. Rev. Stat. Ann. § 10-4-609(1)(a)] mention the common law—much less expressly abrogate any part of it.").

---

[1] GEICO submitted a status report on June 5, 2017, notifying us of the Colorado Supreme Court's decision. Consequently, we lift our August 25, 2015 abatement order.

[2] The Colorado Supreme Court declined to consider the second question on which it granted certiorari, i.e., whether the Colorado Court of Appeals erred in holding that Colo. Rev. Stat. Ann. § 10-4-609(a)(1) precludes one named insured from rejecting UIM coverage on behalf of all named insureds on one policy and instead requires each of those named insureds to expressly reject UIM coverage. *Johnson II*, 2017 WL 2417764 at *1 & n.1, 6. The Colorado Supreme Court reasoned that even if such a requirement exists, that requirement was satisfied through application of agency principles. *Id.* at *6.

This holding bears directly upon our resolution of this appeal. Contrary to Tucker's position, *Johnson II* establishes that Colorado law permits one named insured to waive UIM coverage for another named insured on the same policy by exercising apparent authority, express actual authority, or implied actual authority. *Id.* at *4-6. And here, the district court granted summary judgment for GEICO based on the court's conclusions that (1) a named insured can reject UIM coverage for another named insured by exercising actual or apparent authority and (2) Marquez exercised apparent authority when she rejected UIM coverage on Tucker's behalf.

The district court's first conclusion is consistent with *Johnson II*. And Tucker doesn't challenge the district court's second conclusion—i.e., that Marquez exercised apparent authority when she rejected UIM coverage on Tucker's behalf.[3] Thus, we

---

[3] As GEICO points out, Tucker relies upon—and attaches to—his opening brief his responses to GEICO's requests for admissions wherein he denies that Marquez had authority to act on his behalf. But because Tucker didn't present this evidence to the district court, we decline to consider it. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (reiterating that this court generally "will not consider material outside the record before the district court"). We also agree with GEICO that Tucker doesn't adequately challenge the district court's determination that Marquez acted with apparent authority. Instead, as GEICO contends, Tucker "devotes nearly all of the argument section of his [b]rief to addressing" his position regarding the proper interpretation of Colo. Rev. Stat. Ann. § 10-4-609. Aplee Br. 12. Further, to the extent Tucker makes any argument related to agency principles, he (1) relies on *Johnson I* to assert that Colorado law permits one named insured to waive UIM coverage for another named insured only if the former has express actual authority and (2) asserts that the district court found no evidence of express actual authority. Thus, we conclude that Tucker has waived any challenge to the district court's second conclusion. *See Zia Shadows, LLC v. City of Las Cruces*, 829 F.3d 1232, 1239 n.3 (10th Cir. 2016) (noting that "arguments not raised in the opening brief are waived"); *United States v. Fisher*, 805 F.3d 982, 991 (10th Cir. 2015) (explaining that issues mentioned but not adequately addressed in appellate brief are waived).

affirm the district court's order granting summary judgment for GEICO.

Entered for the Court

Nancy L. Moritz
Circuit Judge